Bernice **LAWRENSON**, Administratrix of The Estate of Charles S. Lawrenson

v.

The **UNITED STATES**.

No. 369–56.

United States Court of Claims.
July 12, 1957.

Robert S. Bourbon, Silver Spring, Md., for plaintiff. Robert C. Heeney, Silver Spring, Md., was on the brief.

Ernest R. Charvat, Cleveland, Ohio, with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The plaintiff, as administratrix of the estate of Charles S. Lawrenson, deceased, sues for annuity pay from January 1, 1952, to April 8, 1956.

The primary issue turns on whether the deceased's right to an annuity was governed by the amendment of 1948 to the Civil Service Retirement Act or whether, on the other hand, as plaintiff claims, he had a vested right to an immediate annuity as of the age of 55 years under the amendment to such act dated July 24, 1946. The pertinent provisions of the statute are set out as an appendix hereto.

For convenience the deceased will be referred to hereafter as the "plaintiff."

The facts as alleged in the petition are, in brief, as follows: The plaintiff as of August 1, 1946, had 22 years of Government service, a portion of which had been military service. On that date he was placed on the disability annuity rolls. He continued to receive a disability annuity until December 31, 1951, when it was terminated as the result of an examination which showed that he had recovered from his disability. Plaintiff was notified by letter on December 7, 1951, of the termination, effective as of the end of that month.

The plaintiff became 55 years of age on September 30, 1951.

On November 6, 1953, the plaintiff, who was then 57 years of age, filed an application for an immediate reduced annuity to be effective from January 1, 1952, under section 7 of the Civil Service Retirement Act which, prior to the 1948 amendment, provided, in certain cases, for the payment of a retirement annuity upon reaching age 55. By a letter dated December 4, 1953, the plaintiff's claims were disallowed. On appeal

this denial was affirmed by the Civil Service Commission and by the Board of Appeals and Review.

On August 29, 1956, the plaintiff filed a petition in this court asking for judgment in a sum equal to the deferred annuity for the period indicated.

If, under the terms of the applicable statute, the plaintiff upon reaching the age of 55 was entitled to an immediate reduced annuity under the retirement act, as amended, in effect at the time he was placed on the disability annuity rolls, he is entitled to recover notwithstanding the amendment of February 28, 1948. On the other hand, if the 1948 amendment is applicable then plaintiff would not be entitled to a deferred annuity until he should have reached the age of 62. The question of when a right to an annuity vests and whether before that time it may be revoked has been passed upon by different courts. We quote from a decision in the case of Rafferty v. United States, 3 Cir., 210 F.2d 934, at page 936:

"Finally, it is urged that appellant has been deprived of a vested right in his brother's funds without due process in violation of the Fifth Amendment.

"The law is clear that even where, as here, there has been compulsory contribution to a retirement or pension fund the employee has no vested right in it until the particular event happens upon which the money or part of it is to be paid. In MacLeod v. Fernandez, 1 Cir., 1938, 101 F.2d 20, certiorari denied [Toste v. Macleod], 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471, the statutory pension of an employee of the Insular Government of Puerto Rico was reduced by a later law. His contribution to the fund had been compulsory. The Court, following the rule in Dodge v. Board of Education, 302 U.S. 74, 79, 58 S. Ct. 98, 100, 82 L.Ed. 57, sustained the reduction. In the Dodge case an Illinois statute decreasing the

amount of annuity payments to retired school teachers in the public schools of Chicago was under attack. The Court held, by Mr. Justice Roberts, 'The presumption is that such a law is not intended to create private contractual or vested rights, but merely declares a policy to be pursued until the Legislature shall ordain otherwise.' The early decision of Pennie v. Reis, 132 U.S. 464, 471, 10 S.Ct. 149, 151, 33 L.Ed. 426, is still the leading case on the general subject. It holds that until the pension or retirement pay is due the employee's right thereto is not contractual but '* * * a mere expectancy, created by the law, and liable to be revoked or destroyed by the same authority.' "

Under the law as clearly stated in the court's decision and also in the precedents therein cited, the plaintiff had no vested right in an annuity at age 55 until the event occurred upon which the annuity was to become payable. Under the terms of the Civil Service Act, plaintiff could not have become entitled to a life annuity until after December 31, 1951, the date when his disability annuity was terminated. However, before that date the amendment of February 28, 1948, was enacted and the expectancy of a reduced annuity at the age of 55 years was abolished. The 1948 amendment gave him only the right to a deferred annuity when he should become 62 years of age.

It seems clear that the 1948 amendment in the circumstances would govern the question of plaintiff's right to recover unless the 1948 amendment were so worded as to exclude plaintiff from its application. By the terms of the 1948 amendment only two exceptions were made to its general application. Plaintiff does not fall within the terms of either exception.

The case of Prentiss v. United States, 117 F.Supp. 200, 126 Ct.Cl. 521, by implication bears out this construction.

Since under the admitted facts of this case and under the law as set out in the decisions to which reference has been made the plaintiff could not have acquired title to a deferred annuity until after the 1948 amendment to the Civil Service Retirement Act, his rights are controlled by that act as so amended and he would not have been entitled to an annuity under the terms of that amendment until he reached the age of 62 years.

Defendant's motion is granted and the plaintiff's petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.

### Appendix

The Civil Service Retirement Act of May 29, 1930 (as amended to July 24, 1946), provides in part:

"Sec. 6.

\* \* \* \* \* \*

"If a recovered disability annuitant whose annuity is discontinued subsequent to June 30, 1945, shall after due diligence on his part fail to obtain reemployment in any position included in the provisions of this Act, he shall be considered as having been involuntarily separated from the service within the meaning of section 7 of this Act as of the date he was retired for disability and shall, after the discontinuance of the disability annuity, be entitled to an annuity in accordance with the provisions of such section, computed at the attained age at the date of discontinuance of the disability annuity." 60 Stat. 658, 5 U.S.C.A. § 713.

"Sec. 7. (a) Should any officer or employee to whom this Act applies, after having served for a total period of not less than five years and before becoming eligible for retirement became separated from the service, such officer or employee shall be paid a deferred annuity beginning at the age of sixty-two years

\* \* \*: *Provided,* That any such person involuntarily separated from the service not by removal for cause \* \* \* may elect to receive an immediate annuity beginning at the age of fifty-five \* \* \* having a value equal to the present worth of a deferred annuity beginning at the age of sixty-two years \* \* \*." 56 Stat. 13, 16, 5 U.S.C.A. § 733.

The Civil Service Retirement Act of May 29, 1930 (as amended to February 28, 1948), provides in part:

"Sec. 6.

\*      \*      \*      \*      \*      \*

"If a recovered disability annuitant whose annuity is discontinued subsequent to June 30, 1945, shall fail to obtain reemployment in any position included in the provisions of this Act, he shall be considered as having been separated from the service within the meaning of section 7 of this Act as of the date he was retired for disability and shall, after the discontinuance of the disability annuity, be entitled to a deferred annuity in accordance with the provisions of such section." 62 Stat. 48, 52, 5 U.S.C.A. § 713.

"Sec. 7. (a) Should any officer or employee to whom this Act applies after having rendered five years of civilian service, computed as prescribed in section 5 of this Act, but less than twenty years of creditable civilian service and before becoming eligible for retirement under section 1(a) of this Act become separated from the service, such officer or employee shall be paid as he may elect, (A) a deferred annuity beginning at the age of sixty-two years, or at the age of separation if beyond the age of sixty-two, computed as provided in section 4(a) of this Act, or (B) the total amount credited to his individual account together with interest at 4 per centum per annum to December 31, 1947, and 3 per centum per annum thereafter compounded on December 31 of each year to date of separation." 62 Stat. 48, 52, 5 U.S.C.A. § 733.

"Sec. 8. In the case of any officer or employee who before the effective date of this Act shall have been retired on annuity under the provisions of the Act of May 22, 1920, as amended, or section 8(a) of the Act of June 16, 1933, the annuity shall be increased, effective on the first day of the second month following the month in which this Act is enacted by 25 per centum or $300, whichever is the lesser: *Provided,* That each such annuitant may, prior to the effective date herein prescribed, elect to retain his or her present annuity, in lieu of the increased annuity provided by this section, and name his wife or her husband to receive upon his or her death one-half of his or her present annuity but not to exceed $600 per annum during the remainder of the life of such surviving husband or wife and upon the death of such survivor no further annuity shall be due or payable. Except as provided in this paragraph, the amendments made by this Act shall not apply in the case of officers and employees retired prior to the effective date of this Act.

"In case any officer or employee shall have been separated subsequent to January 23, 1942, and prior to the effective date of this Act and have acquired title to annuity under section 7 of the Act of May 29, 1930, as amended, beginning after such effective date, his rights shall be determined and annuity computed as though this Act had not been enacted." 62 Stat. 48, 52, 5 U.S.C.A. § 736c.