Pee Curiam:
The plaintiff is the trustee in bankruptcy of the Pacific Grape Products Company which, prior to its bankruptcy, performed a contract for the United States. According to the petition, plaintiff instituted the present action “for recovery of amounts due the plaintiff by reason of the defendant’s breach of a written contract between the United States and the bankrupt corporation * *
Instead of filing an answer, defendant filed a motion for summary judgment asking that the petition be dismissed. The motion is grounded primarily upon the contention that the plaintiff’s claim is barred by the statute of limitations, 28 U.S.C. § 2501. As an alternative ground, the motion asserts that plaintiff’s claim is barred by laches. Pursuant to Pule 37(e), Commissioner Mastin G. White has written an opinion which includes a recommendation for the conclusion of law.
We are in full accord with the Commissioner’s well-reasoned opinion except that we believe plaintiff’s petition, which alleges “[t]he deliberate concealment of the true facts *233 and reasons for the delay and the assertion of false and irrelevant facts by the Contracting Officer and his successors constitute a fraudulent attempt to enable the defendant to evade its responsibility for the delay and to unfairly deprive the Contractor of the recovery for the damages it sustained through such delay,” presents a question of fact which requires a trial. If the result of such a trial shows the fraud alleged by the plaintiff, and further shows that such fraudulent act was unknown to plaintiff at the time performance of the contract was completed, then the statute of limitations would be tolled until such fraud was discovered.
This case is remanded to the Commissioner for a trial on the issue of fraud presented by the petition. Accordingly, defendant’s motion for summary judgment is held pending the decision of this issue.