Court of Claims jurisdiction; tort claims. — On October 21, 1976 the court entered the following order.
*361 Before Skelton, Judge, Presiding, Nichols and Kashiwa, Judges.
“In tbis single motion case, the plaintiff has filed four separate actions which, have been combined into one case and which is before the court on defendant’s motion to dismiss.
“While the exact nature of plaintiff’s claim is somewhat unclear, the essence of her petitions in 133-16 and 150-76 appears to be that the Commission of the District Court of Essex County located in Baltimore issued a ‘judicial document’ in proceedings styled C'C B5 22811. The document is evidently a summons issued to Robert H. Uhl commanding him to appear before that court to answer charges brought against him by plaintiff. Plaintiff claims that the ‘equal protection of the laws of the U.S. Constitution’ has somehow been denied to her through the issuance of this summons, and ‘for this Behavior’ her compensation in a joint action against the State of Maryland and the Federal Government should be ‘$2,400,000 in cash’ in 133-76 and $52,000,000 in 150-76.
“In 175-76, plaintiff alleges that two representatives of a nursing home located in Maryland refused plaintiff entry. Thereafter, plaintiff alleges that a judicial officer of the State of Maryland ‘withheld knowledge to a show cause summons for the slander and degradation to plaintiff’s person.’
“In 176-76, plaintiff alleges that a ministerial officer of the judicial system, the Registrar of Wills Administration, injured plaintiff in regard to the estate of her aunt.
“Plaintiff’s claims must be dismissed. First of all, plaintiff’s alleged causes of action are clearly in the nature of torts. This court has no original tort jurisdiction under the court’s general jurisdictional statute, 28 U.S.C. §1491 (1970). See also, Vincin v. United States, 199 Ct. Cl. 762, 468 F. 2d 930 (1972) and Marcee v. United States, 197 Ct. Cl. 363, 455 F. 2d 525 (1972).
“Secondly, plaintiff’s claim, if she had one, would be against the State of Maryland and not the United States. Plaintiff points to no constitutional provision, statute or contract whereby the United States has assumed liability for acts committed by officials and citizens of the State of Maryland.
“Accordingly, it is ordered that defendant’s motion to dismiss is granted and plaintiff’s petitions are dismissed.”