"This controversy is before us on cross-motions for summary judgment; our decision has been reached without oral argument.
"Plaintiff began his service with the Central Intelligence Agency (CIA) in June 1955. He was separated from that service on July 27, 1972, pursuant to 50 U.S.C. 403(c), which allows the Director of the CIA broad discretion to remove an employee if it is in the best interests of the United States. At the time of his separation, plaintiff was 42 years old and a participant in the retirement and disability program established under the Central Intelligence Retirement Act of 1964, originally enacted as Pub. L. 88-643, 78 Stat. 1043. Plaintiff has not attacked the validity of his separation which was based upon a statute giving near absolute discretion to the Director to remove CIA employees. He does, however, claim a right to participate in the CIA retirement program when he reaches age 50 (including credit for some 1600 hours of *745 unused sick leave to be computed into this annuity) or, in the alternative, plaintiff wants an immediate judgment for $95,760.00 for the loss of his retirement benefits. Defendant argues that plaintiff is not yet eligible to participate in the CIA retirement system since he was separated when he was only 42 and CIA retirement benefits cannot commence immediately on separation unless the employee serves until age 50; consequently, according to defendant, plaintiff can either wait until he is 62, and collect his deferred annuity, or now seek a refund of his retirement contributions to the CIA program.
"Since plaintiff is not yet 50, this court plainly has no jurisdiction at all to grant him any retirement benefits at this time. It is well-settled that the court can only enter judgment for monies presently due and owing from the United States, and, lacking declaratory judgment jurisdiction, cannot adjudicate future rights and obligations. United States v. King, 395 U.S. 1 (1969). At best, plaintiff is claiming that he is not going to get at age 50 what is due him; such a claim is for future relief which we may not now entertain. Prentiss v. United States, 115 Ct.Cl. 78 (1949).
"Even if plaintiff were now 50 years old, and his alleged right to entitlement to retirement benefits were not in the future, his claim would have to fail. Section 235 of Pub. L. 88-643, the CIA Retirement Act, allows the Director discretion to place in retired status any participant in the retirement program who has completed 20 years of total federal service (at least 10 of which were with the CIA, and five of which were qualifying service) and is at least 50 years of age. If a participant is separated before the concurrence of these two events — age and service — his separation is covered by Section 234; the participant with at least 5 years of service (no maximum is set) can either draw out his contributions or elect to receive a deferred annuity at age 62. While plaintiff, at his separation, did have the requisite years and types of service, he was not 50; there is nothing in the retirement statute which, when plaintiff does reach 50, will allow him retroactively to meet the conditions for eligibility which had to exist at the time of his separation for an annuity at age 50 to accrue. Under *746 the statute, plaintiff is not entitled to an annuity until he reaches 62.
"Plaintiff has also contended that his decision to join the retirement program created a contract between him and the agency to provide retirement benefits when plaintiff attained both the specified service and age 50. He says that when the Director removed him, making it impossible for him to meet the age requirement, the contract was breached. This argument must obviously be rejected. There was no contract that plaintiff had to be allowed to serve until 50. It must be remembered, too, that, at least until the conditions of a retirement statute have been fulfilled, a federal employee has neither a contractual nor a vested right to an annuity. Rather, the right is statutory and vests when the conditions prescribed have been met; until the meeting of those conditions, the employee has only a mere expectancy. Lawrenson v. United States, 139 Ct.Cl. 370, 153 F.Supp. 790 (1957). As we have pointed out, plaintiff did not meet the requisite conditions when he was separated in 1972, nor does he meet the conditions now.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted, plaintiffs motion for summary judgment is denied, and the petition is dismissed.”