"Plaintiff retired in 1975 as a civilian employee of the Department of the Army after a long period of service. He has received a retirement annuity based on all his government service except for the time from July 1946 to November 1948 during which he was a civilian employee of *459 an Army nonappropriated fund activity. He asked the Civil Service Commission to revise his retirement pay to include this period of 28 months. The Commission’s Bureau of Retirement, Insurance and Occupational Health refused to make the change and its decision was affirmed by the Board of Appeals and Review. This suit followed.[1] The defendant has moved for summary judgment. Plaintiff has not responded to that motion.
"Public Law 82-397, June 19, 1952, 66 Stat. 138, 5 U.S.C. § 2105(c), provides that employees like plaintiff paid from nonappropriated fund agencies of the Army are deemed not to be federal employees for the purposes of laws administered by the Civil Service Commission (with an exception not now relevant). The Commission administers the civil service retirement law and system (see 5 U.S.C. § 8347(a)). It is clear, therefore, that a period of service in such a nonappropriated fund agency is not to be included in the calculation of a civil service annuity. Plaintiffs position seems to be, however, that this piece of legislation, which was enacted in 1952, should not and cannot be retrospectively applied to his nonappropriated fund service which occurred in 1946-1948. The answer is that normally civil service annuity rights are determined by the law in effect at the time of retirement — here 1975. See Nordstrom v. United States, 169 Ct. Cl. 632, 639, 342 F.2d 55, 59-60 (1965); Lawrenson v. United States, 139 Ct. Cl. 370, 372-73, 153 F. Supp. 790, 791-92 (1957). There are no extraordinary circumstances suggesting consideration of any different result in this instance. Plaintiffs service in the nonap-propriated fund activity was many years ago, at the start of his federal career, and the 1952 law was on the books for 23 years before he retired. He asserts in his favor that during the disputed period (1946-1948) the Civil Service Commission regularly gave credit for retirement purposes for nonappropriated fund service, but an uncontradicted affidavit from the appropriate official of the Commission informs us the Commission has not knowingly allowed annuity credit for service with nonappropriated fund activities of the Armed Forces at any time since November 28, 1945.
*460 "it is therefore ordered and concluded, without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.”

 In his petition, plaintiff asks for a declaratory judgment that his retirement annuity should be adjusted to cover the additional 28 months of service. This court has no authority to grant a declaratory judgment (United States v. King, 395 U.S. 1 (1969)) and we construe the petition as asking for a judgment for the asserted increase in plaintiffs annuity.