This case is before the court, without oral argument, on plaintiffs motion for summary judgment and defendant’s cross-motion. The issue presented is whether defendant is liable to plaintiff for various damages flowing from an allegedly forced retirement for disability. There is no triable issue of relevant fact. For the reasons discussed herein, we dismiss plaintiffs petition.
At the time of his allegedly forced retirement, plaintiff, Hiram Dunn, occupied the GS-9 position of Supervisory Supply Officer at the Atlanta Army Depot (depot). On January 31, 1966, plaintiff applied for disability retirement on the basis of a service connected disability, incurred in 1943. According to Mr. Dunn’s application, this disability had progressed, resulting in severe arthritis and nervousness. Mr. Dunn also cited, as further support, repeated bouts of pneumonia in his right lung, resulting in a weak lung and a poor respiratory condition. Two physicians’ reports accompanied plaintiffs application. Dr. Charles Brook noted in his report that plaintiff had had a spinal fusion performed due to a herniated lumbar disc and also had a history of mild recurrent bronchitis. Dr. J. Brown stated that plaintiff had a history of severe anxiety and tension. A third physician’s report was later obtained. In this later report, Dr. John Anderson stated that he had performed a psychiatric evaluation on plaintiff. As a result of this evaluation, Dr. Anderson diagnosed plaintiff as suffering from paranoia. On the basis of these three medical reports, Dr. Charles Hulsey, Jr., the Depot Medical Officer, concluded that because plaintiff suffered from degenerative back disease, chronic obstructive lung disease, and paranoia, plaintiff was indeed permanently and totally disabled. On May 17, 1966, plaintiffs application for disability retirement was approved.
On June 1, 1966, plaintiff appealed his retirement to Mr. Graydon Pugh, the Regional Appeals Examiner for the Civil Service Commission (CSC). As a basis for his appeal, plaintiff claimed his retirement was involuntary. On July 18, 1966, Mr. Pugh determined that plaintiffs retirement was voluntary and, accordingly, denied plaintiffs appeal.
*872 Prior to Mr. Pugh’s denial of his request for an appeal, plaintiff notified Mr. Edward Groark, Chairman of the CSC Board of Appeals and Review, that he was withdrawing his application for total disability retirement on the basis it was coerced and, hence, involuntary. On July 23, 1966, plaintiff again approached Chairman Groark to appeal Mr. Pugh’s denial. On August 5, 1966, Chairman Groark cancelled plaintiffs appeal.
From August 5,1966, until June 9,1967, plaintiff actively engaged in efforts to recover his medical records and to refute the medical diagnoses that led to his retirement. For the next 9 years, plaintiff did not actively pursue his claim. Then, in October of 1976, plaintiff began to collect more medical evidence and attempted to obtain his medical records of a decade ago through procedures outlined in the Freedom of Information Act, 5 U.S.C. §552, and in the Privacy Act, 5 U.S.C. § 552a. On May 9, 1978, the CSC, in response to plaintiffs request for an appeal, refused to reopen plaintiffs case. On January 23, 1981, plaintiff filed suit in this court.
In his petition and briefs to this court, the pro se plaintiff makes constant reference to events that preceded his application for disability retirement. According to plaintiff, the occurrence of these events and their subsequent ramifications produced the means for depot officials to coerce plaintiff into applying for disability retirement. Defendant obviously denies that any pressure tactics were used on plaintiff by depot officials to effect his retirement. Instead, defendant maintains that plaintiffs retirement was purely voluntary. While we do not decide the issue of whether plaintiffs retirement was voluntary or involuntary, we will, for purposes of this discussion, assume that all factual allegations contained in the petition are true. Braude v. United States, 218 Ct.Cl. 270, 273, 585 F.2d 1049, 1051 (1978).
Further, plaintiff urges this court to find that defendant’s actions in forcing his disability retirement were arbitrary, capricious, and conducted in bad faith. Moreover, plaintiff would have this court award him damages on the theory that defendant’s wrongful dissemination of allegedly fraudulent medical evidence prevented him from obtaining *873 gainful employment. While we do not reach this issue, it does appear that plaintiffs second claim sounds in tort, an area of law outside the jurisdiction of this court. 28 U.S.C. § 1491.
Plaintiffs claim in its entirety fails, however, for the simple reason that the statute of limitations has run. This court does not have jurisdiction to hear any claim which was not filed within 6 years after such claim first accrues. 28 U.S.C. §2501; Soriano v. United States, 352 U.S. 270, 273-74 (1957). Historically, this court has strictly construed its statute of limitations in order "to avoid prosecution of stale claims which defendant can be prejudiced in contesting because excessive lapse of time dulls memories, accounts for missing witnesses, and occasions periodic, routine destruction of Government records.” (Citations omitted.) Kirby v. United States, 201 Ct.Cl. 527, 539 (1973), cert. denied, 417 U.S. 919 (1974). This rigid time bar can only be waived if the claimant was " 'under legal disability or beyond the seas at the time the claim accrues,’ in which event suit must 'be filed within three years after the disability ceases.’ ” 28 U.S.C. §2501; Soriano v. United States, 352 U.S. at 273.
As we have repeatedly stated, "[a] claim first accrues when all the events have occurred which fix the alleged liability of the United States and entitle the claimant to institute an action.” (Footnote omitted.) Japanese War Notes Claimants Ass’n. v. United States, 178 Ct.Cl. 630, 632, 373 F.2d 356, 358, cert. denied, 389 U.S. 971 (1967); Nager Electric Co. v. United States, 177 Ct.Cl. 234, 240, 368 F.2d 847, 851 (1966). With respect to disability retirement litigation, this court has long held that a claim accrues only when the proper administrative tribunal has acted or declined to act. Nager Electric Co v. United States, 177 Ct.Cl. at 244, 373 F.2d at 854; Friedman v. United States, 159 Ct.Cl. 1, 13-14, 310 F.2d 381, 389 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963). (See cases cited therein.)
In the case at bar, plaintiff does not claim, nor does the evidence establish, that plaintiff suffered from any legal disability or that he was beyond the seas. This disability of course differs from the health disability for which he was *874 retired. Therefore, the running of the statute of limitations has not been suspended. Plaintiff was retired for a permanent and total disability on May 17, 1966. On June 1, 1966, and again, on July 23, 1966, plaintiff appealed his retirement to the CSC. On August 5, 1966, the CSC effectively denied plaintiffs appeal. Therefore, on August 5, 1966, plaintiffs claim against the United States accrued. At the latest, plaintiff had until August 4,1972, in which to file his claim. He did not do so. Instead, plaintiff filed his claim in this court on January 23, 1981, some 14 % years after his claim accrued. Therefore, plaintiff is barred from bringing this claim here.
Plaintiff, however, argues that fraudulent actions on the part of the government will toll the statute of limitations. While plaintiff does not cite any authority for this assertion, plaintiff is essentially correct. See Braude v. United States, 218 Ct.Cl. at 273, 585 F.2d at 1051; Japanese War Notes Claimants Ass’n. v. United States, 178 Ct.Cl. at 634, 373 F.2d at 358-59. For this situation to occur, however, plaintiff must not know of, or be reasonably unaware of, any fraudulent actions giving rise to a cause of action. Braude v. United States, 218 Ct.Cl. at 273, 585 F.2d at 1051; Japanese War Notes Claimants Ass’n. v. United States, 178 Ct.Cl. at 634, 373 F.2d at 359.
Assuming, arguendo, that fraud was committed by the government, plaintiffs claim is still time barred. As the evidence demonstrates, plaintiff was made aware of the fraud on or before July 23, 1966, when he attempted to withdraw his retirement application on the grounds that it was coerced. Indeed, plaintiff obviously knew of the fraud from the beginning, as he was, by his own account, a party to it. Therefore, plaintiffs assertion of fraud will not act to toll the statute.
Finally, the issue of whether plaintiffs inability to obtain his medical records should suspend the running of the statute must be addressed. As we said previously in Braude v. United States, 218 Ct.Cl. at 274, 585 F.2d at 1052, the inability of the plaintiff to substantiate his claims by the discovery of evidence does not toll the statute. The plaintiff can file suit and obtain the requisite evidence through discovery and other pretrial procedures as then available. *875 See also Japanese War Notes Claimants Ass’n. v. United States, 178 Ct.Cl. at 634-35, 373 F.2d at 359.
Therefore, for the above reasons, defendant’s motion for summary judgment is granted, plaintiffs motion is denied, and plaintiffs petition is dismissed.
Plaintiffs motion for reconsideration was denied November 6,1981.