During the Korean conflict, plaintiff Thomas M. Sagar served as an officer in the United States Marine Corps. After sustaining a lower back injury in December 1950, he was transferred to the United States for treatment. In October 1951, he underwent surgery for a spinal fusion, and in February 1952, appeared before the Physical Evaluation Board. That board recommended retention for further treatment, but the Physical Review Council returned the case, ruling that that finding was inappropriate. The Physical Evaluation Board tried again to defer final deter *807 mination of Sagar’s status, but the case was again returned. The third Physical Evaluation Board determined (on the basis of allegedly incomplete records) that he was unfit, rating his disability at 10%. On July 3, 1952 he was separated.
On July 17, 1952, he appealed, unsuccessfully, to the Secretary of the Navy for a review of his case, and was advised that his only recourse was in the Board for Correction of Naval Records. He applied to the Correction Board in 1953 for re-evaluation of his handicap, and was denied relief in August 1954. Since then, plaintiff has undergone additional surgery. After one of the operations (in 1976), plaintiff was found by the Veterans Administration to be 60% disabled. After discharge from his most recent treatment (March 1979), he applied again to the Board for Correction of Naval Records, requesting a retroactive change in his records. Again the application was denied. He sues now (in a petition filed in June 1981) for disability pay allegedly due him, but not awarded because of the Board’s wrongful refusal to correct his records to reflect a greater disability.
Defendant moves for dismissal, urging that the statute of limitations bars the suit. We agree.
In Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied, sub nom. Lipp v. United States, 373 U.S. 932 (1963), we distilled the test to be applied to the statute of limitations questions arising in these disability retirement cases. Friedman established that Congress has given the function of deciding entitlement to disability retirement to the Secretary, acting with or through a statutory board, and when such a board acts, the statute of limitations is triggered. As explained in Friedman, a claim for disability retirement pay accrues "on final action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a request for such a board)” and "[o]nce a final decision is had, the claim accrues, the limitations period begins to run, and there is no tolling of the statute by reason of further applications to other boards or agencies (including the Correction Board).” Friedman v. United States, 159 Ct. Cl. 1, 24, 310 F.2d 381, 395-96 (1962). Because plaintiffs have access to this court once the *808 Physical Evaluation or Correction Board has acted, the statute will not be tolled or restarted by further attempts to seek administrative relief. Lee v. United States, ante at 567.
Plaintiff attempts, unsuccessfully, to distinguish his case on the facts. In Friedman, the plaintiff was accorded a retiring board before his release from the service. The Board denied him a disability discharge, but recommended that he be reevaluated at a later date. The reevaluation never took place because Friedman never requested it. He was then released at his own request. Thirteen years later he attempted to persuade the Correction Board to change his status. After that board denied relief, he sued here. We held the suit to be barred by the statute of limitations.
This case differs little. After the Physical Evaluation Board declared plaintiff to be 10% disabled, he was separated. He applied, one year later, to the Correction Board for reevaluation of his status. After that Board’s unfavorable decision, he, like Friedman, neglected his claim. Again, like Friedman, he applied more than six years after the initial administrative action to the Correction Board for a new assessment of his status. Twice unsuccessful there, Sagar sought relief in this court. He too is far too late.[1]
Plaintiff cites Uhley v. United States, 128 Ct. Cl. 608, 121 F. Supp. 674 (1954); Suter v. United States, 139 Ct. Cl. 466, 153 F. Supp. 367 (1957), cert. denied, 355 U.S. 926 (1958); Proper v. United States, 139 Ct. Cl. 511, 154 F. Supp. 317 (1957); and Eicks v. United States, 145 Ct. Cl. 522, 172 F. Supp. 445 (1959), to support his position. All were discussed in Friedman, and none requires a result here other than dismissal. Uhley does not help because that plaintiff did appeal within six years of the first action taken by a competent board. Suter is also inapposite; after a series of nonfinal determinations, Suter was ultimately told that he would not be given a hearing; within six years of that first final decision, Suter brought suit in this court. Proper is similarly unhelpful. The first administrative action taken in that claim was the favorable action of the correction *809 Board in June 1955. Proper brought suit here in May 1954, before he applied to the Board, and then amended his petition in September 1955 after the Secretary of the Army denied his request.
As for Eicks, plaintiff attempts to liken his case to Eicks on the ground that, like Eicks, he was legally entitled, at the time of discharge, to the compensation mandated, by his condition and the disability tables existing in 1952. Eicks’ situation, however, was fundamentally different. He sought, in addition to the disability pay already granted him, additional retirement pay because of accumulated leave due him before his separation. Eicks promptly and properly appealed the decision of the first competent board to consider the claim, the Correction Board. On the other hand, plaintiff Sagar did not appeal the determination by the Physical Evaluation Board, or even the subsequent Correction Board, within the statutory six years. Eicks had had no final decision on his claim to accumulated leave pay until the Correction Board action in 1954, and he filed suit in 1955. Sagar, to the contrary, did not bring suit until 1981; far more than the allotted six years had elapsed.
Plaintiff also asserts, and we may assume without deciding, that he was wrongly advised by the Government that his only recourse after his initial rating and separation was to the Navy Correction Board. Even if that erroneous advice and the resulting appeal to that Board toll or restart the statute (see Dunn v. United States, 228 Ct.Cl. 870, 876 (1981)), the fact is that the Correction Board dismissed his claim on August 14,1954. Counting six years from that date (28 U.S.C. § 2501 (1976)), recourse in this court was available until August 14,1960. Regardless, then, of which of the early events triggered the limitations statute, this suit was filed at least twenty years after the claim accrued.
it is therefore ordered, without oral argument, that the defendant’s motion to dismiss is granted and the plaintiffs petition is dismissed.

 For a more recent decision reaffirming the result in Friedman, also on facts very similar to those of this case, see Bruno v. United States. 214 Ct. Cl. 383, 556 F.2d 1104 (1977).