Plaintiff, pro se, claims in this civilian pay case that he is entitled to federal retirement benefits under section 233 of the Central Intelligence Retirement Act of 1964, originally enacted as Pub. L. No. 88-643, 78 Stat. 1043 (act). In its motion to dismiss, defendant argues that plaintiffs claims are barred by the doctrine of res judicata through our previous order concerning plaintiffs claims, Wood v. United States, 214 Ct. Cl. 744 (1977). We hold that, while plaintiffs claims are not barred by res judicata, plaintiff is not entitled to the benefits he claims.
The background facts to this case were adequately stated in our previous order. Let it suffice to state that plaintiff was an employee of the Central Intelligence Agency (cia) between June 1955 and July 27, 1972. In 1972, the Director of the cia, pursuant to 50 U.S.C. § 403(c), separated plaintiff from the cia. At the time of his dismissal, plaintiff was a participant in the retirement and disability program established under the act. Plaintiff claims that by 1972 he had completed more than 20 years of total Government service and more than 5 years of qualifying service and was therefore entitled to an early retirement under section 233 of the act.
As stated above, plaintiff has previously petitioned the court for damages resulting from defendant’s refusal to pay plaintiff the retirement benefits provided for in section 233. The only change in plaintiffs petition is that he is now over 50 years old and that the cia has again refused to grant him the benefits for which he now petitions the court.
In our previous order, we held that
*961 [a]t best, plaintiff is claiming that he is not going to get at age 50 what is due him; such a claim is for future relief which we may not now entertain. * * *
Wood, 214 Ct. Cl. at 745. This holding was not founded upon the merits of plaintiffs petition. The statement in the earlier order that plaintiffs claim would not be any stronger when he turned 50 was dicta intended to aid a pro se plaintiff. "The related doctrines of res judicata and collateral estoppel embody the concept that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction * * * cannot be disputed in a subsequent suit between the same parties or their privies.’ [Footnote omitted.]” McMullan v. United States, ante at 378, 381, 686 F.2d 915, 918. Res judicata, therefore, is not applicable to that statement. However, while that statement was dicta in the previous order, we now adopt it, with an addition, as our holding.
Section 233 of the act provides:
VOLUNTARY RETIREMENT
Sec. 233. Any participant in the system who is at least fifty years of age and has rendered twenty years of service may on his own application and with the consent of the Director be retired from the Agency and receive benefits in accordance with the provisions of section 221 provided he has not less than ten years of service with the Agency of which at least five shall have been qualifying service.
Beyond the issue of whether plaintiffs retirement was voluntary, the statute requires the participant to meet certain conditions. One of the conditions, that the participant must be at least 50 years old at the time he leaves the cía and retires, was not met by plaintiff. Plaintiff was only 42 years old at the time of his separation from the cía and therefore is not entitled to the benefits provided for under section 233. Furthermore, as we stated in the previous order, section 235 of the act
allows the Director discretion to place in retired status any participant in the retirement program who has completed 20 years of total federal service (at least 10 of which were with the CIA, and five of which were qualifying service) and is at least 50 years of age. If a participant is separated before the concurrence of these two events — age and service — his separation is covered by Section 234; the participant with at least 5 years of *962 service (no maximum is set) can either draw out his contributions or elect to receive a deferred annuity at age 62. While plaintiff, at his separation, did have the requisite years and types of service, he was not 50; there is nothing in the retirement statute which, when plaintiff does reach 50, will allow him retroactively to meet the conditions for eligibility which had to exist at the time of his separation for an annuity at age 50 to accrue. Under the statute, plaintiff is not entitled to an annuity until he reaches 62.
Plaintiff has also contended that his decision to join the retirement program created a contract between him and the agency to provide retirement benefits when plaintiff attained both the specified service and age 50. He says that when the Director removed him, making it impossible for him to meet the age requirement, the contract was breached. This argument must obviously be rejected. There was no contract that plaintiff had to be allowed to serve until 50. It must be remembered, too, that, at least until the conditions of a retirement statute have been fulfilled, a federal employee has neither a contractual nor a vested right to an annuity. Rather, the right is statutory and vests when the conditions prescribed have been met; until the meeting of those conditions, the employee has only a mere expectancy. Lawrenson v. United States, 139 Ct. Cl. 370, 153 F. Supp. 790 (1957). As we have pointed out, plaintiff did not meet the requisite conditions when he was separated in 1972, nor does he meet the conditions now.
Wood, 214 Ct. Cl. at 745-46.
it is therefore ordered, without hearing oral argument, that defendant’s motion is dismiss is granted and plaintiffs petition is dismissed.
Plaintiffs motion for rehearing en banc was denied September 30, 1982.