NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MANUEL V. CUSTODIO,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3121

---

Petition for review of the Merit Systems Protection Board in case no. SF0831090810-B-1.

---

Decided: November 14, 2011

---

MANUEL V. CUSTODIO, of San Jose, California, pro se.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, and DYK and REYNA, *Circuit Judges*.

PER CURIAM.

Manuel V. Custodio appeals the Merit Systems Protection Board's dismissal of his claim for disability retirement benefits under the Civil Service Retirement System. *Custodio v. Merit Sys. Prot. Bd.*, No. SF0831090810-B-1 (M.S.P.B. April 4, 2011) ("Final Order"). This court *affirms*.

## I.

### A. Factual Background

Mr. Custodio served in active military service from November 18, 1966 to April 17, 1974. Following his military service, Mr. Custodio received a career conditional appointment as a janitor in the competitive service, where he worked from April 18, 1974 to April 20, 1979. In this position, he was under the Civil Service retirement plan. On April 20, 1979, Mr. Custodio requested a refund of his retirement deductions and received a lump sum.

### B. Procedural History

On February 25, 2007, nearly twenty-six years following his departure from the competitive service, Mr. Custodio applied for disability retirement benefits under the Civil Service Retirement System. The Office of Personnel Management ("OPM") denied his request.

Mr. Custodio appealed the OPM's decision to the Merit Systems Protection Board ("Board"). In support of his appeal, he submitted copies of a Social Security Administration Award Notice ("S.S. Award Notice") and a

Veterans Administration Claim Award Notice ("VA Claim Notice") as evidence of his disability. The Board held that Mr. Custodio's application for disability retirement benefits was filed outside the requisite timeframe. Because the Board did not address the merits of the claim, it did not address the substance of the evidence that Mr. Custodio submitted in support of his claim. The Board noted that Mr. Custodio had not provided a basis for waiving the filing deadline, citing *Marcee v. United States*, 55 F.2d 525, 526 (Ct. Cl. 1972) (disability retirement benefits can be waived only for an employee who is either mentally incompetent on leaving the federal service, or who becomes mentally incompetent within one year thereafter). As a result, the Board issued an Initial Decision that dismissed Mr. Custodio's claim.

Mr. Custodio timely filed a petition for review of the Initial Decision with the Board. To support his petition, Mr. Custodio submitted a Medical Abstract by Jose Rommel T. Soriano, M.D. dated February 16, 2007 ("Medical Abstract"). In a document entitled "Motion for Leave to Accept Supplemental Evidence," Mr. Custodio requested that the Medical Abstract be accepted as evidence establishing mental incompetence under a diagnosis of severe depression. The Board denied the Motion and rejected the Medical Abstract on the basis that it was new evidence not previously provided to the OPM or to the administrative law judge. The Board found that Mr. Custodio failed to meet the standard set forth in *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (new and material evidence must be shown to not have been previously available despite the party's due dili-

gence). The Board issued its Final Decision and dismissed Mr. Custodio's petition.[1]

On April 27, 2011, Mr. Custodio timely appealed the Board's Final Decision to this court.

This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

Mr. Custodio's informal brief raises three distinct issues: (1) that the Board erred in determining that Mr. Custodio did not qualify for a waiver to the filing deadline; (2) that the Board erred when it failed to consider the Medical Abstract and the S.S. Award as evidence of his disability; and (3) that this Court should appoint legal counsel for him on appeal. We address each of these arguments in turn.

### A. Standard of Review

This court's review of Board decisions is limited by statute. Decisions of the Board must be affirmed unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). *See also Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624 (1995); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986).

---

[1] The Board also addressed an allegation of bias on the part of the administrative law judge. Mr. Custodio did not raise this issue on appeal.

B.  Waiver of Deadline

Mr. Custodio argues that the Board erred when it determined that he was not entitled to a waiver under 5 U.S.C. § 8453.  We agree with the Board that Mr. Custodio's claim was filed out of time and that a waiver does not apply.

We find that Mr. Custodio is not entitled to a waiver under 5 U.S.C. § 8453.  The statute provides that the "time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent." *Id.*  In its Final Decision, the Board concluded that it could not consider the mental incompetency argument because it was raised for the first time in his petition for review to the Board, and because Mr. Custodio failed to demonstrate that the Medical Abstract was new and material evidence not previously available despite his due diligence.  5 C.F.R. § 1201.115(d)(1).  We find that the Board's decision regarding waiver was not arbitrary, capricious, or otherwise contrary to law.  *Anthony*, 58 F.3d at 625; *see also, Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201-02 (Fed. Cir. 1996).  We affirm the Board's determination that Mr. Custodio is not entitled to a waiver of the applicable time limits.

C.  Disability Retirement Benefits Claim

Mr. Custodio argues that the Board erred when it failed to consider the S.S. Award Notice and the Medical Abstract as evidence of disability.  As noted above, the Board did not reach the merits on whether Mr. Custodio was entitled to disability benefits given that his application was untimely filed.  Since we agree that Mr. Custodio's claims were untimely and that he was not entitled to

a waiver, we find no error in the Board's refusal to consider the S.S. Award Notice and the Medical Abstract.

D.   Request for Appointed Counsel

Mr. Custodio seeks to have counsel appointed to represent him in his appeal before this Court. In particular, Mr. Custodio argues that appointment of counsel is necessary in order to ensure that his rights are protected under the Uniformed Services and Reemployment Rights Act ("USERRA") and the Veterans Employment Opportunity Act ("VEOA"). We conclude that appointment of counsel would not aid in this appeal. Accordingly, Mr. Custodio's request for appointment of counsel is denied.

## III.

Accordingly, this court affirms the Board's decision to dismiss Mr. Custodio's claim for disability retirement benefits under the Civil Service Retirement System.

### *AFFIRMED*

### COSTS

Each party shall bear its own costs.