## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MANUEL V. CUSTODIO,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0831-15-0018-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: May 28, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal as barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2 On July 10, 2014, the Office of Personnel Management (OPM) sent a letter to the appellant stating that it had received his application to make a redeposit under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 9 at 5. However, OPM determined that the appellant was not entitled to make a redeposit because he had received a refund of all deductions that had been withheld during his employment. *Id.* OPM also informed the appellant that it would include MSPB documents from his prior appeal and of his right to request reconsideration.[2] *Id.* OPM stated that the letter represented an initial decision. *Id.* The appellant claims that he requested reconsideration, IAF, Tab 1 at 9, but there is no evidence of any such request in the record in this appeal.

¶3 The appellant filed the instant appeal on October 4, 2014, and asserted that OPM had refused to issue him a reconsideration decision despite repeated requests. IAF, Tab 1 at 9. The administrative judge issued orders stating that the

---

[2] OPM informed the appellant that, if he became re-employed in the federal service in a position subject to retirement deductions, he could file another application to make a redeposit. IAF, Tab 9 at 5. The record does not reflect that the appellant has been employed in the federal government subsequent to his receipt of the refund.

Board may lack jurisdiction over the appeal, IAF, Tab 2, and that the claim may be barred by res judicata, IAF, Tab 10. The appellant responded to both orders. IAF, Tabs 4, 11. OPM responded that the Board may lack jurisdiction because OPM had not issued a reconsideration decision and that the issuance of a July 10, 2014 letter as an initial decision may have been in error because the Board had already ruled on the appellant's ability to make a redeposit. IAF, Tab 9 at 4.

¶4    In her initial decision, the administrative judge suggested that the Board could exercise jurisdiction over the appeal because OPM did not intend to issue a reconsideration decision, but found that the Board lacked jurisdiction because the appellant's claims of entitlement to make a redeposit for his federal service and to a deferred annuity were barred by res judicata. IAF, Tab 12, Initial Decision (ID). The appellant has filed a timely petition for review in which he asserts that his claim is not barred by res judicata because the prior appeal did not address his entitlement to a deferred annuity.[3] Petition for Review (PFR) File, Tab 1 at 4-5. The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 5.[4]

¶5    In the appellant's previous appeal, the administrative judge found that the appellant had asserted before OPM that he was entitled to (1) an annuity under the CSRS, (2) a disability annuity under the CSRS, and (3) an opportunity to make a redeposit under the CSRS. *Custodio v. Office of Personnel Management*, MSPB Docket No. SF-0831-09-0810-B-1 (*Custodio I*), Initial Decision (ID) at 3

---

[3] Although the appellant presents general arguments concerning equitable estoppel, PFR File, Tab 1 at 4-5, we find that these arguments do not affect the result in this case because he has presented no evidence or argument establishing affirmative misconduct on the part of government officials or that he reasonably relied, to his detriment, on misrepresentation or misconduct of government officials, *see Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010).

[4] After his reply, the appellant filed a motion for leave to file an additional pleading. PFR File, Tab 8. We DENY the appellant's request because he has not shown the need for such a pleading or that it is based upon evidence that was not readily available before the record closed. *See* 5 C.F.R. § 1201.114.

(Aug. 20, 2010). In relevant part, the administrative judge found that the appellant had not established his eligibility to receive an annuity under the CSRS or to make a redeposit under the CSRS because he had received a refund of his retirement contributions.[5] *Custodio I*, ID at 4-7.

¶6　　　Based upon our consideration of the prior appeal, we find that this appeal is barred by res judicata. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 10 (2011). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id*.

¶7　　　We find that the criteria for the application of res judicata are met here. There is no dispute that the Board had jurisdiction to decide the prior appeal under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110. We also find that the administrative judge's prior initial decision was a final judgment on the merits regarding the issue of the appellant's right to an annuity under the CSRS and his right to make a redeposit. *Custodio I*, ID. The administrative judge issued an initial decision on these issues that became final when the appellant did not file a petition for review as to the issues. 5 C.F.R. § 1201.113(a); *see Custodio I*, ID. It is also undisputed that the two actions involve the same parties.

¶8　　　As to whether the prior appeal and the current appeal involve the same causes of action, the appellant argues that the two causes of action are different

---

[5] The appellant filed petitions for review as to the administrative judge's finding concerning the timeliness of his application for disability retirement but did not file a petition for review as to his right to an annuity under the CSRS or his right to make a redeposit. *See Custodio v. Office of Personnel Management*, 116 M.S.P.R. 350 (Table), *aff'd*, 468 F. App'x 950 (Fed. Cir. 2011), *cert. denied*, 133 S. Ct. 411 (Mem.) (2012).

because he currently appeals the right to make a redeposit in order to be entitled to a *deferred* annuity while his prior appeal involved his right to make a redeposit in order to be entitled to an *immediate* annuity. PFR File, Tab 1 at 4-5. We find that the prior decision did address the appellant's entitlement to a deferred annuity and his right to make a redeposit in order to receive a deferred annuity because the administrative judge stated that the appellant had applied for a deferred annuity but found that he was ineligible to make a redeposit and was not entitled to any of his requested benefits under the CSRS. *Custodio I*, ID at 2, 5, 7.

¶9        Even if the appellant had not previously raised the issue of his right to make a redeposit in order to receive a deferred annuity, that claim would still be barred. The Board held in *Encarnado*, 116 M.S.P.R. 301, ¶ 12, that a claim of entitlement to make a redeposit for the purpose of receiving CSRS annuity benefits was barred by res judicata where, in a prior appeal, the Board affirmed OPM's decision denying entitlement to CSRS annuity benefits based upon the same period of service. *See Encarnado v. Office of Personnel Management*, 91 M.S.P.R. 666 (2002) (Table). In so holding, the Board stated that the causes of action were the same because both involved the appellant's goal of receiving a CSRS retirement annuity based upon the same period of service and the appellant could have raised his entitlement to make a redeposit in the prior appeal. *Encarnado*, 116 M.S.P.R. 301, ¶ 12. Similarly, even if the appellant in the present case had not previously raised his right to make a redeposit in order to receive a deferred annuity, he could have done so in the earlier proceedings. Additionally, the causes of action are the same because both involve the appellant's goal of receiving a CSRS retirement annuity based upon

the same period of service. Accordingly, we find that the appeal is barred by res judicata and must be dismissed.[6]

¶10    To the extent that the administrative judge may have found that the Board would have jurisdiction over the present appeal because OPM does not intend to issue a reconsideration decision, we modify the initial decision regarding the basis for the Board's jurisdiction. *See* ID at 2-3. Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights and interests under the CSRS only after OPM has issued a final decision in the matter. *Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013). In finding jurisdiction over this appeal, the administrative judge applied an exception to that general rule that permits the Board to take jurisdiction where the evidence indicates that OPM did not intend to issue a reconsideration decision. *See* ID at 2-3 (citing *Johnson v. Office of Personnel Management*, 97 M.S.P.R. 193, ¶ 6 (2004)). However, we find that no exception to the general rule is necessary in this case. In *Muyco v. Office of Personnel Management*, 104 M.S.P.R. 557, ¶ 3 (2007), the Board affirmed the administrative judge's determination that, to the extent that the appellant's appeal was an attempt to re-litigate a prior reconsideration decision, the appeal was barred by the doctrine of res judicata. *Id.*, ¶ 8. Because the Board must have jurisdiction in order to apply the doctrine of res judicata, *see Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003), the Board in *Muyco* implicitly held that OPM's original reconsideration decision was sufficient to confer jurisdiction, *see Muyco*, 104 M.S.P.R. 557, ¶ 8.[7] Consistent

---

[6] We modify the initial decision to the extent that the administrative judge found that the Board lacks jurisdiction ***because*** the appellant's *claims* are barred by res judicata, ID at 3, and instead find that the *appeal* is barred by res judicata, *see Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003) (the doctrine of res judicata is not grounds upon which to dismiss an appeal for lack of jurisdiction but, rather, is a basis to dismiss an appeal over which the Board has jurisdiction).

[7] The Board in *Muyco* rejected the appellant's argument that OPM had issued a new appealable decision when it informed him that it would not change its prior decision.

with *Muyco*, we find that the Board has jurisdiction based upon the same OPM decision that provided the basis for jurisdiction in *Custodio I*.[8]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

*Muyco*, 104 M.S.P.R. 557, ¶¶ 9-11. Thus, the original reconsideration decision was the only available basis for Board jurisdiction.

[8] We are not convinced on the existing record that OPM does not intend to issue a reconsideration decision. *See* ID at 2-3. Although the appellant asserted in his initial appeal that he made repeated requests for reconsideration of OPM's initial decision, IAF, Tab 1 at 9, there is no evidence of such requests in the record. In addition, we note that OPM's July 10, 2014 initial decision gave the appellant 30 days to request reconsideration. IAF, Tab 9 at 5. Thus, the appellant could have timely requested reconsideration as late as August 9, 2014. The appellant filed his appeal less than 2 months later on October 4, 2014. IAF, Tab 1. Given the relatively short period of time between the deadline for requesting reconsideration and the filing of the initial appeal, we do not interpret the absence of a reconsideration decision as an indication that OPM does not intend to issue such a decision. *Cf. Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014) (taking jurisdiction based on OPM's failure to issue a final decision despite repeated requests over the course of 6 years).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.