NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL V. CUSTODIO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1023

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0018-I-1.

---

Decided: April 11, 2016

---

MANUEL V. CUSTODIO, Olongapo City, Zambles, Philippines, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before WALLACH, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Manuel Custodio sought to redeposit funds that he previously withdrew from a civil service retirement account when he left government service in 1979. The Merit Systems Protection Board affirmed the denial of Custodio's application, concluding that his request is barred by res judicata because of an earlier Board adjudication of his earlier request to redeposit funds to establish eligibility for a retirement annuity. We affirm.

BACKGROUND

Mr. Custodio worked as a janitor for the Department of the Navy from 1974 to 1979, and when he left his job in 1979, he requested and received a refund of the retirement contributions that had been deducted from his pay during his time in the civil service. Many years later, in 2007, Mr. Custodio applied for certain retirement benefits under the Civil Service Retirement System, but the Office of Personnel Management (OPM) denied his application. When he appealed to the Merit Systems Protection Board, an administrative judge found that Mr. Custodio was claiming entitlement to both a retirement annuity and a disability annuity and had requested an opportunity to make a redeposit, but the judge concluded that (a) Mr. Custodio's disability-benefits claim was untimely and (b) he was not legally entitled (while no longer employed by the federal government) to make a redeposit or to obtain a retirement annuity. *See* J.A. 3–4, 10. Mr. Custodio did not seek further review of the retirement-annuity ruling, and when he appealed the untimeliness ruling regarding disability benefits, the Board and this court rejected his challenge. *See Custodio v. Office of Pers. Mgmt.*, 468 F. App'x 950, 952 (Fed. Cir. 2011); J.A. 4 n.5.

In 2014, Mr. Custodio again asked OPM to let him make a redeposit of the 1979-withdrawn retirement funds to establish eligibility for a retirement annuity. OPM denied the request, explaining that, while no longer

employed by the federal government, he could not make the desired redeposit. *See* J.A. 2 & n.2, 12. When he appealed to the Board, the administrative judge (the same one as in 2010) rejected Mr. Custodio's claim as barred by res judicata because of the adjudication of the earlier claim. J.A. 10. The full Board agreed, because the earlier adjudication involved his claim for an annuity based on an asserted right to redeposit previously withdrawn funds. J.A. 4–6. The Board also rejected Mr. Custodio's argument that the government should be equitably estopped from denying his application, concluding that he had "presented no evidence or argument establishing affirmative misconduct on the part of government officials or that he reasonably relied, to his detriment, on misrepresentation or misconduct of government officials." J.A. 3 n.3.

Mr. Custodio appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a decision of the Board unless we find that decision to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We conclude that Mr. Custodio has identified no error permitting us to disturb the Board's decision.

Mr. Custodio contends that res judicata should not bar his current claim because his request to redeposit funds is now made to secure a deferred annuity whereas his earlier redeposit request was made to secure an immediate annuity. The Board rejected the distinction. We see no error in that conclusion.

As relevant here, the Board has adopted res judicata standards applicable to its earlier adjudications that are

similar to judicially articulated standards applicable to earlier court judgments. "Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." J.A. 4 (citing *Encarnado v. Office of Pers. Mgmt.*, 116 M.S.P.R. 301, 306 (2011)); *see Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014).

Here, the earlier adjudication was a final judgment by a forum with jurisdiction in a dispute between the same parties; indeed, the administrative judge's rulings on redeposit and retirement annuities became final when Mr. Custodio did not seek review of those rulings by the Board or in this court. *See* J.A. 4; 5 C.F.R. § 1201.113(a). Moreover, the Board could properly determine that the present matter and the 2010 matter involve the same "cause of action" under the familiar test asking if they involve "the same set of transactional facts," "defined . . . in terms of a core of operative facts, the same operative facts, or the same nucleus of operative facts, and based on the same, or nearly the same, factual allegations." *Encarnado*, 116 M.S.P.R. at 306 (citing *Jet Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1363 (Fed. Cir. 2000) (internal quotations omitted)). The 2010 matter involved the same employment, fund withdrawal, and current non-federal-employee status as does this matter. And even as to the legal issue, Mr. Custodio has not pointed to any way in which the asserted legal right to redeposit funds to secure a Civil Service Retirement System retirement annuity depends on whether the annuity sought is immediate or deferred. Mr. Custodio also has not identified any impediment to his having requested a deferred annuity in 2010. The Board thus concluded that "the causes of action are the same" and

"even if [Mr. Custodio] in the present case had not previously raised his right to make a redeposit in order to receive a deferred annuity, he could have done so in the earlier proceedings." J.A. 5. For those reasons, the Board could properly find res judicata to bar Mr. Custodio's new effort to seek what, at a minimum, he could have sought in the earlier redeposit/annuity matter.

Mr. Custodio also challenges the Board's rejection of his argument that equitable estoppel prevents the government from opposing his application. But equitable estoppel may not bar the government from applying its governing statutory and regulatory standards unless, at a minimum, there is proof of misrepresentation or other misconduct and reasonable reliance on such misconduct to his detriment. *See* J.A. 3 n.3; *Zacharin v. United States,* 213 F.3d 1366, 1371 (Fed. Cir. 2000). Here, the Board concluded, Mr. Custodio had simply not identified evidence to meet those requirements. J.A. 3 n.3. Mr. Custodio has not shown error in that conclusion, merely referring to the alleged failure of the government to provide him with adequate information when he retired—which is not enough.

Mr. Custodio requests that this court appoint pro bono counsel to represent him. We conclude that appointment of counsel would not aid in this appeal. We therefore deny his request.

CONCLUSION

For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

**AFFIRMED**